Wm. E. Lewis, Youngstown, for relator.
H. H. Wickham, Youngstown, for respondents.

## STATE ex HEDLAND v LONES et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 6, 1933

## OPINION

By FARR, J.

It was at this juncture of the proceedings that objection was made to the exercise of jurisdiction by Judge Lones of the Court of Common Pleas of Columbiana County. The action taken by Mr. Hedland in the first instance was no doubt under favor of §12000, GC, which reads as follows:

"Change of venue. Upon application of a party and his or her affidavit that a fair and impartial hearing and determination can not be had before the court in which a petition for divorce or alimony is filed, a change of venue shall be allowed and the cause removed to some county in the same judicial district for hearing and determination."

Two other sections of the General Code in Ohio reflect upon the question of the change of venue in cases. One is §1687 GC, in which it is provided that when an affidavit of prejudice is filed setting out any of the grounds enumerated in that statute, the Chief Justice of the Supreme Court of Ohio may determine whether or not the averments of the affidavit are true. Another section is general in character, §11415 GC, providing for a change of venue and the removal of causes. However, the legislature of Ohio at some time previous to the filing of the cause in the Division of Domestic Relations in this county, had evidently concluded that there should be a special statute providing for the removal of causes in divorce cases. Therefore, neither of the other two sections could be found to apply, provided §12000 GC is still effective. It is worthy of note that it is still carried in the General Code under the heading of "Procedure in Common Pleas Court, Divorce and Alimony."

It will be noted that this section provides for a change of venue simply upon the application of a party by affidavit that a fair and impartial hearing and determination can not be had before the court in which a petition for divorce or alimony is filed. No grounds are shown to be necessary. This change must be granted, providing the affidavit is made, but it is insisted here that the last constitutional convention by an amendment, **Article IV, §3,** providing for the election of a Common

Pleas judge, in and for each county, repealed this statute by implication and to the extent that it no longer has any virtue so far as a change of venue is concerned.

It will be recalled that this constitutional amendment provides for the election of a Common Pleas judge in each county of the State of Ohio. Prior to that time **Article IV of §3 of the Constitution of 1851**, provided as follows, under the head "Judicial," and "The Common Pleas":

"The state shall be divided into nine Common Pleas districts, of which the county of Hamilton shall constitute one, of compact territory and bounded by county lines, and each of said districts consisting of three or more counties shall be subdivided into three equal parts of compact territory, bounded by county lines, and as nearly equal in population as practicable, in each of which one judge of the Court of Common Pleas for said district and residing therein, shall be elected by the electors of said sub-division. Courts of Common Pleas shall be held by one or more of these judges in every county in the district as often as may be provided by law, and more than one court or sitting thereof may be held at the same time in each district."

What, therefore, was the effect of the constitutional provision and its adoption, upon §12000 GC? Did it repeal it fully or did it repeal it in part by implication? There is nothing stated in the constitutional provision that it is intended to repeal §12000 GC or any other section. It just provides for the election of a Common Pleas judge in each county of the state. Therefore, at a glance it must be conceded that it changed the Common Pleas judicial districts creating a judgeship for each county in the state, and again it may be inquired what was the effect of the adoption of this constitutional provision? There is no difference as to a repeal by implication of one statute by another or by a constitutional provision.

A case to which attention has been called is **State ex Engineering & Construction Company v State Office Building Commission, 123 Oh St, 70.** The first paragraph of the syllabus reads:

"The presumption against the repeal of statutes by implication is stronger where provisions claimed to be in conflict were placed at nearly the same time."

That is not the situation in the instant case. The constitutional provision and the

statute were not passed and adopted near the same time, the statute holding seniority by a number of years.

Another case is State of Ohio v Bollenbacher, 101 Oh St, 478. In this case there is a brief statement of the doctrine relating to repeals by implication. The first proposition of the syllabus reads:

"A statute which revises the whole subject matter of a former enactment, and which is evidently intended as a substitute for it, operates to repeal the former, although it contains no express words to that effect. But repeals by implication are not favored, and where two affirmative statutes exist, one will not be construed to repeal the other by implication, if they can be fairly reconciled. The fact that a later act is different from a former one is not sufficient to effect a repeal. It must further appear that the latter act is contrary to, or inconsistent with, the former."

That proposition of the syllabus succinctly epitomizes the holding of courts and announcements of text writers on this subject. Of interest are some sections in 59 Corpus Juris, beginning at page 905, §510, and this reflects upon the matter of repeals by implication.

"Lack of favor. The repeal of statutes by implication is not favored. The courts are slow to hold that one statute has repealed another by implication, and they will not make such an adjudication if they can avoid doing so consistently or on any reasonable hypothesis, or if they can arrive at another result by any construction which is fair and reasonable. Also the courts will not enlarge the meaning of one act in order to hold that it repeals another by implication, nor will they adopt an interpretation leading to an adjudication of repeal by implication unless it is inevitable, and a very clear and definite reason therefore can be assigned. Furthermore, the courts will not adjudge a statute to have been repealed by implication unless a legislative intent to repeal or supercede the statute plainly and clearly appears. The implication must be clear, necessary and irresistable. The foregoing rules are particularly applicable where the statute claimed to have been repealed has for a long time been rigidly adhered to and construed as being in existence, as well as where it has been given a settled meaning by adjudication of the court of last resort."

And again, on page 910, §513:

"Modes of Implied Repeal. In General. As hereinafter stated, a statute may repeal an earlier one by implication where it covers the whole subject matter of, and is intended to be a substitute for, the earlier one, or where its provisions are so repugnant to those of the earlier statute as to make the two statutes irreconcilable. Generally speaking, these are the only ways in which a repeal by implication may take place. The two methods are distinguishable in that where there are merely conflicting provisions and nothing more, the repeal operates merely to the extent of the conflict."

In the instant case the only conflict that can be pointed out is that the former judicial Common Pleas districts are changed by the constitutional amendment to the effect that each county practically became a district, although it is not so stated, and it is not claimed that there is such a statement in the amendment or the constitutional provision.

25 R.C.L., 914, has something to say as to repeals by implication, and at page 915, reading from a part of §167, it is said:

"Where a statute covers the whole subject matter of an earlier act, and it is evident that it was intended to be a revision of, or substitute for, the earlier act, although it contains no express words to that effect, it operates as a repeal of the earlier act to the extent that its provisions are revised and supplied."

Again, on page 916:

"A repeal resulting from irreconcilable inconsistency and repugnancy between two acts is measured by the extent of the conflict or inconsistency and if any part of the earlier act can stand as not superceded or affected by the later act, it is not repealed."

Now, as to the question of the right to a change of venue, there are really two subjects in §12000 GC, the right of change of venue upon filing of the affidavit, and then a provision that such case may be sent to any county in the district. There is not a word in the constitutional provision relating to the right to a change of venue. Therefore, it is fair to assume that it was not intended to alter or change that provision of the section, and again, on page 918, it is observed:

"Nor can one act be allowed to defeat another, if, by a fair and reasonable con-

672

struction, the two can be made to stand together. Although two acts are seemingly contradictory or repugnant, they are, if possible by a fair and reasonable interpretation, to be given such a construction that both may have effect. If a later act not repugnant to the earlier and containing no negative words is not clearly intended to cover the whole ground of the earlier, there is no implied repeal."

The courts and text writers have gone a long way in declaring that repeals by implication are not favored. The first proposition in §12000 GC is that anyone desiring a change of venue may have it by the filing of a proper affidavit. That is the extent to which he is required to go. True, §§1687 and 11415 GC refer to a change of venue, but; as before stated, if it were not the legislative intent to create a special provision for a change of venue in divorce cases as set out in §12000, GC, then it was strange, indeed, that it ever was written. What, therefore, is the effect of the constitutional provision upon §12000 GC? The amendment reflects only upon the common pleas judicial districts and provides for the election of one judge in each county, but makes no other change. No reference, no statement is made as to the change or right to a change of venue. Can it then be well said that it was intended to entirely set aside that provision of the statute or that by implication it is repealed? Scarcely so; because the other two sections were passed to serve other or similar purposes, and having determined that the fore part of §12000 GC is not repealed, there is, therefore, a right to a change of venue and it only remains to find a county to which a case may be sent. The defendant himself in this case asked that the cause be sent to another county. After it was so sent and after he had submitted himself to the jurisdiction of that court, he then filed a petition for a writ of prohibition. The other county, the county to which it may be sent, it seems is still to be discovered from Article IV, §3 of the Constitution of 1851 that is, to an adjoining county. The amendment does not refer to the former constitutional provision. Therefore it may be assumed that it stands so far as "another county" is concerned. After all, it seems that it is a reasonable construction, and without further comment it follows that a permanent writ of prohibition in this case must be denied.

POLLOCK, J, concurs.
ROBERTS, J, dissents.